IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLIFFORD
E. HOOD,

        Petitioner,

      v.                              CASE NO. 10-3110-SAC

WARDEN RAY
ROBERTS, et al.,

        Respondents.

**O R D E R**

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Petitioner has neither paid the filing fee of $5.00 nor submitted a properly supported motion to proceed without prepayment of the fee[1]. He will be given time to satisfy the fee requirement in one of these two ways. This action may not proceed further until petitioner has satisfied the filing fee prerequisite. Mr. Hood is forewarned that if he fails to comply with the provisions of 28 U.S.C. § 1915 in the time allotted, this action may be dismissed without further notice.

Petitioner seeks to challenge his state convictions. He was tried by a jury in Sedgwick County District Court, Wichita, Kansas, and convicted of rape, aggravated indecent liberties, and aggravated

---

[1] 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. In addition, the prisoner must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

criminal sodomy[2]. He was sentenced in 1998 to consecutive terms of 356 months and 548 months. Mr. Hood directly appealed his convictions to the Kansas Court of Appeals (KCA), which affirmed on June 2, 2000. His Petition for Review was denied by the Kansas Supreme Court on September 26, 2000. State v. Hood, 4 P.3d 1187 (Table)(Kan.App. 2000).

Mr. Hood filed a state post-conviction motion pursuant to K.S.A. 60-1507 challenging his convictions at both trials[3] (SG. Co. Dist.Ct. Case No. 01-C-3799). The district court denied the motion, and petitioner appealed to the KCA. The KCA affirmed the denial on November 14, 2003. Hood v. State, 78 P.3d 1202, 2003 WL 22697570 (Kan.App. 2003). Kansas Appellate Court dockets available on-line indicate that over a year later petitioner filed a Motion to File Petition for Review Out of Time, which was denied.

In September 2004[4], "nearly a year after (the KCA) issued its decision concerning Hood's first K.S.A. 60-1507 motion, Hood filed a second K.S.A. 60-1507 motion" (Case No. 04-CV-5171). Hood v. State, 142 P.3d 338, *1, 2006 WL 2661214 (Kan. App., Sept. 15, 2006). The trial court denied relief after conducting a non-evidentiary hearing on his claims of ineffective assistance of post-conviction counsel. "The trial court stated that Hood was 'not

---

[2] Petitioner was convicted in Case No. 97-CR-1865 on May 7, 1998, of raping his 14-year-old biological daughter; and in Case No. 98-CR-480 on August 19, 1998, of aggravated indecent liberties and aggravated criminal sodomy committed against a female friend of his daughter's, who was also 14 years old. The two cases were consolidated for appeal.

[3] In his federal Petition, Mr. Hood provides only "2001" as the date on which this first 1507 petition was filed. However, in a copy of his second 60-1507 petition attached to his federal Petition, he stated: "The petitioner filed a K.S.A. 60-1507 through the help of another inmate on November 21st, 2001." Petition (Doc. 1), Attach 12 Supplement at 11.

[4] A copy of Mr. Hood's second 60-1507 petition is attached to his federal petition and is file-stamped on September 27, 2004.

2

entitled to resurrect his previous 1507 motion or pursue a successive 1507 motion under a claim of ineffective assistance of 1507 counsel'." Id. at *2. Mr. Hood appealed the denial to the KCA, which ordered dismissal on September 15, 2006. A Petition for Review was denied by the Kansas Supreme Court on February 13, 2007.

The instant federal Petition was filed in this court on May 19, 2010. However, the only date by petitioner on this Petition is with his signature verifying that the Petition was placed in the prison mailing system on March 4, 2010.

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). It appears from the procedural history set forth by petitioner that, without tolling, his federal Petition is time barred.

Applying the statutory provisions to the facts of this case, it appears petitioner's convictions "became final" for limitations

purposes on or about December 26, 2000[5]. The statute of limitations began to run on this date, and ran for approximately 329 days. It was then statutorily tolled during the pendency of petitioner's "properly filed" 60-1507 action, which was from the date of filing, November 21, 2001, through the time in which he could have filed a timely appeal of the KCA decision of November 14, 2003. The statute of limitations thus began running again 30 days after the decision, which was on or about December 14, 2003. At this time there was approximately 40 days remaining; and the limitations period ran uninterrupted until it expired on or before January 24, 2004. It follows that the time in which Mr. Hood was required to file his federal Petition expired in this case 8 months before he filed his second 60-1507 petition. Moreover, his second 60-1507 petition had no tolling effect because the limitations period had already expired, and perhaps also because it was found to be an abuse of process by the state court[6].

In response to the form question as to the timeliness of his Petition, Mr. Hood states that he is entitled to "any exceptional circumstances" due to "an ongoing medical condition" for which he has been hospitalized and received "medications that render him incoherent." He further alleges he is on "narcotic" medication "for

---

[5] On September 26, 2000, the Kansas Supreme Court dismissed petitioner's direct appeal. Mr. Hood then had 90 days to file a petition for writ of certiorari in the United States Supreme Court. Because he did not seek review in the U.S. Supreme Court, his conviction became final 90 days later, on December 26, 2000. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

[6] Even if the court could somehow find that Mr. Hood's second 60-1507 petition had a tolling effect, that proceeding was concluded and no longer "pending" on the date his Petition for Review was denied, which was February 13, 2007. As noted this federal Petition purportedly was executed on March 4, 2010, but actually filed on May 19, 2010. Thus, it was not executed or filed until years after February 13, 2008, which would have been the federal petition deadline if all prior time were considered tolled.

blood clots and vascular conditions." He alleges he was hospitalized and on medications at the Lansing Clinic from September 15, 2003, through June 2, 2005, and at the EDCF clinic from June 5, 2005 through October 12, 2006, as well as "in and out since." He states that he could not leave the infirmary to seek legal help or go to the law library and that no legal assistance was available for hospitalized persons.

Petitioner's allegations that he was unable to diligently pursue his remedy in federal court because of medical problems and his confinement in prison infirmaries are contradicted by his own allegations that he litigated his second 60-1507 motion during this time, and are for the most part conclusory. His general statements regarding his ailments, the types of medications prescribed, their effects, and his incapacities are simply not sufficiently detailed to meet his burden of showing that he is entitled to equitable tolling during the particular year the federal statute of limitations ran and expired in this case. For example, plaintiff does not specify what medications he was on, and does not allege facts indicating why medications for vascular problems would cause him to be incoherent. Furthermore, a lack of legal assistance standing alone is not grounds for equitable tolling. In addition, even if petitioner showed some time in 2003 or 2004 should be tolled, the dates he alleges he was incapacitated do not indicate how he was prevented by circumstances beyond his control from filing his federal petition for more three years following February 13, 2007.

The court directs petitioner to show cause why this petition for writ of habeas corpus should not be dismissed as time barred

under 28 U.S.C. 2244(d)(1). He shall be given time to supplement his Petition with facts establishing his entitlement to equitable tolling[7]. Petitioner is forewarned that if he fails to file a response within the time provided, this action will be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee for this case by either submitting $5.00 to the court or filing a properly supported motion to proceed without prepayment of the fee on forms provided by the court.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period, petitioner is required to show cause why this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. 2244(d)(1).

The clerk is directed to transmit in forma pauperis forms to petitioner.

**IT IS SO ORDERED**.

Dated this 8th day of June, 2010, at Topeka, Kansas.

---

[7] A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003. "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808.

s/Sam A. Crow
                              U. S. Senior District Judge