IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLIFFORD
E. HOOD,

                Petitioner,

                v.                CASE NO. 10-3110-SAC

WARDEN RAY
ROBERTS, et al.,

                Respondents.

**O R D E R**

On June 8, 2010, an Order was entered in this action granting Mr. Hood time in which to satisfy the court filing fee and to show cause why this habeas corpus petition should not be dismissed as time-barred. He was specifically directed to allege facts showing his entitlement to equitable tolling, and warned that his failure to comply could result in dismissal of this action without further notice. Instead of satisfying the filing fee and attempting to show his entitlement to equitable tolling, Mr. Hood submitted a Motion to Withdraw Petition purportedly to return to state court to exhaust remedies (Doc. 5). This motion was construed as petitioner's notice of voluntary dismissal and the action was dismissed without prejudice.

Petitioner has now filed a Motion to Reopen Case to Prevent Manifest Injustice and to Correct Court Error (Doc. 7), in which he asks the court to reopen the case and review its findings entered June 8, 2010. In support, he claims that his "current medical condition . . . should qualify him for a review under the actual

innocence doctrine" and exempt his Petition from the time-bar found in the court's screening order. He argues that he diligently pursued his remedies, and that this court improperly failed to evaluate whether he met the actual innocence standard, as well as to appoint a federal defender, and to hold an evidentiary hearing. He also argues that his 2254 petition "was clearly identified as an actual innocence claim" and that he remains actually innocent.

This motion is considered as one for Relief from Judgment pursuant to Fed.R.Civ.P. Rule 60(b).[1] The court finds no error in its prior orders entered herein, including its order of dismissal, which was based upon petitioner's notice of voluntary dismissal. Mr. Hood was given the opportunity to show equitable tolling but decided to present no facts from which this court might have found that he was entitled to tolling based upon actual innocence. Furthermore, he has never satisfied the filing fee for this action as ordered. The court concludes that Mr. Hood states no reason that would entitle him to relief from its Order entered herein on June 8, 2010, or the judgment dismissing this case, and this motion shall be denied.

Even if the filing fee were now satisfied, and the court reopened this case to consider the allegations in Mr. Hood's motion as his offer of proof to establish that he is entitled to equitable tolling based upon a claim of actual innocence, it would find that

---

[1] Since this seems to be a procedural claim, and Mr. Hall's 2254 petition was dismissed without prejudice, the court does not treat this as a second and successive petition.

he has not met his burden. Petitioner claims the court should have evaluated whether he met the actually innocent exception based upon the claims in his Petition, his diligence in seeking remedies, and his medical condition. The court finds that the claims in the Petition challenging the sufficiency and legality of evidence produced at petitioner's criminal trial do not establish his actual innocence for purposes of determining whether or not he was entitled to equitable tolling. In Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998), the Tenth Circuit contemplated that extraordinary circumstances, i.e., "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent," may warrant equitable tolling of the § 2244(d)(1) limitation period. Id. However, "[t]o be credible, such a claim requires [the habeas] petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995). Mr. Hood has not provided any evidence of his innocence that was not presented at trial.

In addition, petitioner's allegation in his motion that his "current medical condition" should entitle him to equitable tolling based on actual innocence has no legal merit. His repetitive conclusory allegations that he diligently pursued his remedies

"even with his medical conditions" do not address the specific findings of the court in its Order of June 8, 2010, that Mr. Hood failed to adequately describe exceptional circumstances that actually prevented him from pursuing his remedies during the precise dates during which the statute of limitations was found to have run in this case.

In sum, the court concludes that petitioner is not entitled to relief from the orders previously entered in this case.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion to Reopen Case and to Correct Court Error is treated as his Motion for Relief from Judgment (Doc. 7) and is denied.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2010, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge